Opinion issued March 6, 2003







            










In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00442-CV
____________
 
CONTINENTAL CASING CORPORATION, Appellant
 
V.
 
SIDERCA CORPORATION AND SIDERCA, S.A.I.C., Appellees
 

 
 
On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 97-38566-A
 

 
 
MEMORANDUM OPINION
          Appellant, Continental Casing Corporation (“Continental”), challenges the trial
court’s rendition of summary judgment in favor of appellees, Siderca Corporation and
Siderca S.A.I.C. (collectively “Siderca”), on Continental’s claims for breach of
purchase orders. In five points of error, Continental argues that the trial court erred
in granting Siderca’s motion for summary judgment and sustaining Siderca’s
objections to portions of Continental’s summary judgment evidence. We affirm.
Facts and Procedural Background
          Siderca S.A.I.C. owns and operates a mill in Argentina that manufactures
mechanical tubing, pipe, and related equipment and materials. Siderca Corporation
is a wholly owned subsidiary of Siderca S.A.I.C. that represents and markets products
manufactured by Siderca S.A.I.C. and its affiliated companies, including Tubos de
Acero de Mexico (“TAMSA”), in the United States. Continental is a distributor of
pipe and mechanical tubing.
          In early 1994, Siderca and Continental began having discussions about the
possibility that Continental might become a distributor of Siderca’s mechanical
tubing. During the course of these discussions, Continental prepared a one-page
written agreement and forwarded a copy to Siderca. It is undisputed that this
document was never signed, nor was there any other signed, written agreement
between Continental and Siderca.
          Between October 1994 and July 1996, Continental placed purchase orders for
mechanical tubing with Siderca on behalf of one of Continental’s customers, ABB
Vetco Gray, Inc. (“Vetco”). In 1996, Vetco ceased doing business with Continental. 
Continental contends that it incurred damages when Siderca failed to fulfill the
purchase orders in an appropriate and timely manner and failed to provide products
meeting the specifications of Continental’s customer, Vetco, ultimately causing
Continental to lose the Vetco account.
          Continental filed suit against Siderca alleging breach of the parties’ oral
agreement, breach of the purchase orders submitted to Siderca by Continental for
Vetco, breach of fiduciary duty, breach of the duty of good faith and fair dealing,
tortious interference with contract, tortious interference with prospective business
relations, and misappropriation of proprietary and confidential information. The trial
court granted Siderca’s motion for summary judgment and ordered that Continental
take nothing on any of its claims. In Continental Casing Corp. v. Siderca Corp., 38
S.W.3d 782, 793 (Tex. App.—Houston [14th Dist.] 2001, no pet.), the Fourteenth
Court of Appeals affirmed the trial court’s summary judgment on all but one issue.


 
The court of appeals reversed and remanded the trial court’s summary judgment on
Continental’s claim that Siderca breached the purchase orders submitted by
Continental for products Continental then sold to Vetco.
          After the cause was remanded, the parties severed Continental’s remaining
claim and, in its first amended petition, Continental asserted that Vetco’s
dissatisfaction over the alleged untimely, defective, or non-conforming nature of
Siderca’s products ultimately caused Vetco to stop doing business with Continental. 
Continental sought damages for its lost profits and the damage to its business
reputation resulting from Siderca’s breach of the purchase orders.
          Siderca then filed a motion for summary judgment, asserting that it was entitled
to judgment as a matter of law on all of Continental’s claims because (1) the
deposition testimony of the corporate representative of Vetco negated Continental’s
claim that Siderca’s defective or non-conforming products caused Continental to lose
Vetco’s business, (2) the terms of Siderca’s acknowledgment form expressly
precludes Siderca’s liability for consequential damages such as those sought by
Continental, and (3) Continental could not prove the amount of its lost profits with
reasonable certainty. As summary judgment evidence, Siderca relied on, among other
things, the sworn answers to the deposition by written questions of Wayne Wooton,
a Vetco vice-president. Wooton, testifying as the corporate representative of Vetco,
answered Siderca’s written questions, in part, as follows:
 
7.Did the supply by Continental Casing to ABB Vetco of pipe or
other materials that were manufactured by [TAMSA] or any other
affiliate of [Siderca] that did not conform to ABB Vetco’s
specifications cause, in whole or in part, ABB Vetco not to renew
the Contract after it expired on January 26, 1997?
 
                    Answer:       No.
 
8.Did any act or omission by TAMSA or Siderca play any role in
ABB Vetco’s decision not to do business with Continental Casing
before or after the expiration of the Contract?
 
                    Answer:       No.
 
9.Did any act or omission by TAMSA or Siderca cause ABB Vetco
to conduct less business with Continental Casing than it otherwise
would have?
 
                    Answer:       No.
 
10.Would you agree or disagree with any allegation by Continental
Casing that one reason ABB Vetco did not renew or extend the
Contract was because ABB Vetco received pipe or other materials
that were manufactured by TAMSA or Siderca that did not
conform with ABB Vetco’s specifications?
 
                    Answer:       Disagree.

          As evidence in opposition to Siderca’s motion for summary judgment,
Continental relied on excerpts from the deposition testimony of Dale Benditz,
Continental’s president, Dan Benditz, its vice-president, Shannon Rusnak, C.P.A., a
retained expert witness on damages, and Tom Green, a former Siderca sales manager,
as well as internal Vetco documents. Siderca objected to portions of Continental’s
summary judgment evidence, on the grounds that the evidence was inadmissible
hearsay and based on speculation. The trial court sustained the objections and
granted Siderca’s motion for summary judgment.
Motion for Summary Judgment
          We may affirm a summary judgment only when the record shows that the
movant has disproved at least one element of each of the plaintiff’s claims or
established all elements of an affirmative defense to each claim. Tex. R. Civ. P.
166a(c); American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). A
movant has the burden of showing that there is no genuine issue of material fact and
it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a disputed material fact
issue precluding summary judgment, proof favorable to the non-movant is taken as
true and the court must indulge every reasonable inference and resolve any doubts in
favor of the non-movant. Id. at 548-49.
          In its order granting summary judgment in favor of Siderca, the trial court did
not state the specific grounds for its ruling. Therefore, we will affirm if any of the
theories advanced in Siderca’s motion for summary judgment are meritorious. Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).
 
Exclusion of Summary Judgment Evidence
          In its second, third, fourth, and fifth points of error, Continental argues that the
trial court erred in sustaining Siderca’s objections to Continental’s summary
judgment evidence. Specifically, Continental complains of the trial court’s rulings
excluding portions of the deposition testimony of Dan Benditz, Dale Benditz, and
Tom Green, and internal Vetco documents attached as exhibits to the deposition by
written questions of Wayne Wooton.
Standard of Review
          Evidence offered either in support of or in opposition to a motion for summary
judgment must be in admissible form to constitute competent summary judgment
evidence. See Tex. R. Civ. P. 166a(f) (“Supporting and opposing affidavits shall be
made on personal knowledge, shall set forth such facts as would be admissible in
evidence, and shall show affirmatively that the affiant is competent to testify to the
matters stated therein.”); United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex.
1997) (“[N]o difference obtains between the standards for evidence that would be
admissible in a summary judgment proceeding and those applicable at a regular
trial.”). The decision to admit or exclude evidence is committed to the discretion of
the trial court, and is reviewed for abuse of that discretion. Transcontinental Gas
Pipeline Corp. v. Texaco Inc., 35 S.W.3d 658, 670 (Tex. App.—Houston [1st Dist.]
2001, pet. denied).
          We apply this standard of review in our examination of the trial court’s
decision to grant Siderca’s objections to portions of Continental’s summary judgment
evidence.



Testimony of Dan Benditz
          As evidence in opposition to the motion for summary judgment, Continental
offered excerpts from the deposition testimony of its vice-president, Dan Benditz. 
Benditz testified, in relevant part, as follows:
Q:And do you agree with your brother, Dale, that you lost the Vetco
account as a consequence of Siderca’s having supplied tubing that
failed to meet the Vetco spec [sic]?
 
A:Yes, I believe that.
 
Q:Was Siderca’s failure, according to you, to supply pipe that met
Vetco’s spec [sic] the only reason that you lost the Vetco
account?
 
A:I would say that that’s pretty much it.

          . . . .
 
Q:Has anyone at Vetco ever told what the reasons are?
 
A:It was told to us that particular problems that we had with
continually having reject, late shipments, so on and so forth,
caused us to, in their view, completely fall down on the
agreement, fall down what [sic] their expectations were, and that
was directed by Mr. Mark Carpenter.
 
Q:He’s the one who told you that?
 
A:Yes, sir.
 
Q:And you don’t know whether he was leveling with you or not?
 
A:I – only giving you the verbiage that he had made and indicated
to us. Obviously when you have continued problems over and
over and over again and the man tells you that’s the reason, and
you go over there and you get yelled at, screamed at, and told that
we’re costing him damages or problems. . . . So when that
particular happened and when the man makes a comment to you
saying, well, obviously you know what the reason is and it’s
because of Siderca’s rejects continually happening and
continually having problems, you pretty much believe because
you have been told that for six, seven, eight, nine months.
 
Q:But ultimately all you can tell us is what you heard Mr. Carpenter
say the reason was?
 
A:Correct.

          Siderca objected to this testimony as based on speculation and as hearsay. See
Tex. R. Evid. 602, 801. Dan Benditz testified that he based his opinion that
Continental lost the Vetco account on statements made to him by Mark Carpenter, a
Vetco representative. Carpenter did not testify. Nor was Vetco a party to the
proceedings in the trial court. Thus, Benditz’s recitation of what he was told by
Carpenter constituted hearsay and was not admissible absent an exception to the
hearsay rule. Tex. R. Evid. 802.
          Continental argues that Dan Benditz’s testimony concerning the cause of
Continental’s loss of the Vetco account was admissible as lay opinion testimony. See
Tex. R. Evid. 701. However, lay opinion testimony is limited to opinions or
inferences “rationally based on the perception of the witness.” Id. Here, the record
indicates that Dan Benditz testified that his opinion on this issue was based not on
personal knowledge or perception, but on comments made to him by Carpenter. 
Thus, Benditz’s opinions on this issue did not fall within rule 701.
          Continental also argues that Dan Benditz’s testimony regarding Carpenter’s
statements was admissible because, as an expert witness, Benditz was permitted to
rely on hearsay in forming his opinions. See Tex. R. Evid. 703. However, the record
does not indicate that Dan Benditz was offered as an expert witness on any subject
at issue, nor does the record indicate that the trial court was appraised of the fact that
Continental intended to offer Dan Benditz’s testimony as expert opinion.
          Because the summary judgment record indicates that the relevant testimony at
issue from Dan Benditz constituted inadmissible hearsay, we hold that the trial court
did not abuse its discretion in sustaining Siderca’s objection to the testimony.
          We overrule Continental’s second point of error.
Testimony of Dale Benditz
          As summary judgment evidence, Continental also offered excerpts from the
deposition testimony of Dale Benditz, its president. Dale Benditz testified, in
relevant part, as follows:
Q:Are you claiming that some act or omission by Siderca caused
you to lose the ABB Vetco account?
 
A:Well, the continual problems of manufacturing the material to the
specifications that they were required to do.

          . . . .
 
Q:When you claim you’ve lost profits because of conduct by
Siderca, are you claiming that those lost profits are from lost
business with ABB Vetco?
 
A:Yeah. We were kicked out of Vetco, basically, because of
Siderca’s continuing inability to manufacture material that they
promised that they could manufacture to the specifications.

          . . . .
 
Q:Who at ABB Vetco, if anyone, has ever told Continental Casing
that they stopped doing business with you because of Siderca’s
pipe?
 
A:Who’s told me personally? Is that what you’re asking? Say that
one more time. It wasn’t clear.
 
Q:We’ll start with you personally, and then we’ll talk about –
because you’re here speaking for the company, whether anyone
at this company has been told that by anyone at Vetco.
 
A:Well, personally, not myself. There was numerous references to
our inability to supply, you know, the material to their
specifications. . . .
 
Q:Has there been anyone at Vetco who has ever told anyone at
Continental Casing that the reason why Vetco is no longer doing
business with Continental Casing is because of acts or omissions
of Siderca?
 
. . . .
 
A:I think – I don’t know who the person – I don’t know if it was
Mark Carpenter or – but there was some verbiage back and forth
that if Continental and/or Siderca could not meet the
specifications, that Continental Casing would no longer do
business with Vetco. I don’t know who that person is, but I know
that there was communication through ’95, ’96 when the
problems were going back and forth, numerous either e-mails or
communications expressing their concern as far as if we cannot
meet the specification, we would lose Vetco as a customer.

          Siderca objected to these excerpts of Dale Benditz’s testimony as based on
speculation and as hearsay. See Tex. R. Evid. 602, 801. The record indicates that
Dale Benditz testified that he based his opinion that Continental lost the Vetco
account not on statements made to him, but on statements made to other persons at
Continental by an unidentified representative of Vetco, possibly Mark Carpenter. As
noted above, Carpenter did not testify, and Vetco was not a party to the proceedings
in the trial court. Thus, Benditz’s recitation of what Continental may have been told
by a representative of Vetco constituted hearsay and was not admissible absent an
exception to the hearsay rule. Tex. R. Evid. 802.
          Continental contends, without supporting authority, that Siderca waived its
objections to Dale Benditz’s testimony by attaching a copy of his complete deposition
as an exhibit to the motion for summary judgment. We disagree. The record
indicates that, although Siderca attached a copy of Dale Benditz’s entire deposition
as an exhibit to the motion for summary judgment, Siderca cited to and relied on only
specific excerpts of the deposition testimony, rather than the entire deposition.
          As with the testimony of his brother, Dan, Continental argues that Dale
Benditz’s testimony concerning the cause of Continental’s loss of the Vetco account
was admissible as lay opinion testimony. See Tex. R. Evid. 701. However, the
record indicates that Dale Benditz testified that his opinion on this issue was not
based on any statements made to him by representatives of Vetco. Thus, Benditz’s
opinions on this issue do not fall within rule 701. See Fairow v. State, 943 S.W.2d
895, 898 (Tex. Crim. App. 1997) (noting that, under rule 701, witness must establish
personal knowledge of events from which opinion is drawn).
          Similarly, Continental also argues that Dale Benditz’s testimony on this issue
was admissible because, as an expert witness, Benditz was permitted to rely on
hearsay in forming his opinions. See Tex. R. Evid. 703. However, the record does
not indicate that Dale Benditz was offered as an expert witness on any subject at
issue, nor does the record indicate that the trial court was appraised of the fact that
Continental intended to offer Dale Benditz’s testimony as expert opinion.
          Because the summary judgment record indicates that the relevant testimony at
issue from Dale Benditz constituted inadmissible hearsay, we hold that the trial court
did not abuse its discretion in sustaining Siderca’s objection to the testimony.
          We overrule Continental’s third point of error.
Testimony of Tom Green
          In opposition to Siderca’s motion for summary judgment, Continental also
offered the deposition testimony of Tom Green, a Siderca manager. Green testified,
in relevant part, as follows:
Q:Do you recall being told that if problems continued, there was a
serious risk of losing the Vetco business?
 
A:Yes.

          . . . .
 
Q:And you knew and appreciated that Continental Casing was in
danger of losing the Vetco business because of problems
encountered in filling these orders?
 
A:I was told that repeatedly for about two years, that they were in
danger of losing this business.
 
Q:And you have – not only were you told it, you got some
correspondence about it, didn’t you?
 
A:From Sean O’Boyle, quite often.
 
Q:Right.
 
A:It was very common for him to tell me [“]we’re in danger of
losing this business, we’re in danger of losing this business.[”]

          Siderca objected to this testimony as “multilayered” hearsay. See Tex. R. Evid.
801. Green testified concerning statements and communications made to him by Sean
O’Boyle, a Continental salesman, regarding what O’Boyle had presumably been told
by representatives of Vetco. As noted above, such testimony constituted hearsay, and
was inadmissible, if offered to prove the truth of the statements presumably made by
representatives of Vetco to O’Boyle and then relayed to Green. Tex. R. Evid. 801.
          In its brief, Continental does not address Siderca’s contention that the excerpts
of Green’s deposition testimony concerning what he was told by O’Boyle constituted
inadmissible hearsay, nor does Continental offer any argument or authority that such
testimony falls under an exception to the prohibition against hearsay.
          Because the summary judgment record indicates that the relevant testimony at
issue from Tom Green constituted inadmissible hearsay, we hold that the trial court
did not abuse its discretion in sustaining Siderca’s objection to the testimony.
          We overrule Continental’s fourth point of error.
 
Vetco Documents
          As exhibits to its response to the motion for summary judgment, Continental
attached two documents produced by Vetco in response to the deposition by written
questions of its representative, Wayne Wooton. These documents are: (1) a brief, 
internal Vetco memo dated April 7, 1997 noting that Continental should be deleted
from Vetco’s “authorized vendor list,” and (2) an activity log chronicling
unsuccessful attempts by representatives of Vetco to contact Continental from April
16, 1996 to February 14, 1997 and concluding with a notation that “business relations
have not been satisfactory.”
          The trial court sustained Siderca’s objections to the documents on the grounds
that they were irrelevant and hearsay. Tex. R. Evid. 402, 802. Continental contends
that, because the deposition by written questions of Vetco’s representative, Wooton,
was offered by Siderca in support of its motion for summary judgment, the documents
attached to Wooton’s deposition were admissible under the rule of “optional
completeness.” Tex. R. Evid. 107. We note that the record does not indicate that the
declarations and writings contained in the documents at issue were made by Wooton. 
Moreover, the documents do not indicate the reasons behind Vetco’s decision to
terminate its business dealings with Continental. Thus, the statements in the Vetco
documents are not necessary to make Wooton’s testimony “fully understood or to
explain the same” and do not meet the requirements of rule 107. Id.
          Continental also argues that the Vetco documents were admissible “to establish
inconsistencies in [Wooton’s] testimony” and impeach his answers to Siderca’s
deposition by written questions. As noted above, Wooton testified that none of
Siderca’s acts or omissions were the cause of Vetco’s decision to conduct less
business with Continental. The Vetco documents at issue merely establish the fact
that Vetco’s business relationship with Continental was terminated in 1997, a fact
undisputed by the parties. Accordingly, the Vetco documents at issue do not serve
to impeach Wooton’s answers to the deposition by written questions because they do
not contradict his testimony in any respect.
          Moreover, Continental does not present any argument or authority challenging
the specific grounds of the trial court’s ruling to exclude the Vetco documents: that
the documents were inadmissible as irrelevant and hearsay. We may not reverse a
ruling of the trial court for reasons not raised in a point of error. Walling v. Metcalfe,
863 S.W.2d 53, 58 (Tex. 1993).
          For the foregoing reasons, we hold the trial court did not abuse its discretion
in sustaining Siderca’s objections to the Vetco documents at issue.
          We overrule Continental’s fifth point of error.
 
Evidence of Causation
          In its first point of error, Continental argues that the trial court erred in granting
Siderca’s motion for summary judgment. As noted above, Continental contends that
its summary judgment evidence was sufficient to raise a material question of fact on
its cause of action against Siderca for breaching the purchase orders placed by
Continental for its customer, Vetco, and ultimately causing Continental to lose
Vetco’s business.
          Siderca offered, in support of its motion for summary judgment, the sworn
answers of Vetco’s corporate representative, Wayne Wooton, to the deposition by
written questions. Wooton’s testimony established that no act, omission, or product
supplied by Siderca was the cause of Vetco’s decision to stop doing business with
Continental. In opposition to this evidence, Continental offered the evidence set forth
above, which we have held was properly excluded by the trial court.
          In addition, Continental argues that the timing of the termination of its contract
with Vetco and Continental’s “continued experiencing [sic] of problems in filling
Vetco’s orders with material that complied with the specifications” was sufficient
circumstantial evidence to raise a fact question on its claim that Siderca’s acts or
omissions caused Continental to lose Vetco’s business.
          We disagree. Although Continental presented summary judgment evidence to
show that these events coincided or occurred over approximately the same time
period, in the absence of any admissible evidence showing the events had a causal
link, and in the face of sworn testimony to the contrary, we hold that Continental’s
remaining evidence, standing alone, did not raise a material fact question sufficient
to defeat Siderca’s motion for summary judgment.
          Because the competent summary judgment evidence established that Siderca
was entitled to judgment as a matter of law on the grounds that no act, omission, or
product of Siderca was a proximate cause of Continental’s alleged damages, we hold
the trial court did not err in granting summary judgment in favor of Siderca.
          We overrule Continental’s first point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.